[No. 24030-4-III.   Division Three.   March 20, 2008.]

THE CITY OF SPOKANE, *Petitioner*, v. DANIEL C. WILCOX, *Respondent*.

*James Craven, City Attorney,* and *Michelle D. Szambelan* and *Janean V. Phillips, Assistants,* for petitioner.

*Katherine S. Knox* and *E. Michiko Fjeld* (of *Office of Public Defender*), for respondent.

¶1 SWEENEY, C.J. — The question before us is whether the administrative suspension of a driver's license for a driving

under the influence (DUI) conviction is punishment, subjecting it to the strictures of *Blakely v. Washington*[1] and, therefore, entitling the driver to a jury determination of refusal. We conclude it is not punishment and reverse the superior court determination to the contrary.

## FACTS

¶2 The city of Spokane (City) charged Daniel C. Wilcox with DUI. Mr. Wilcox refused to submit to a breath test and admitted as much during his trial. The district court did not submit the question of whether Mr. Wilcox refused the breath test to the jury. The jury concluded that Mr. Wilcox was guilty of DUI.

¶3 The district court judge sentenced Mr. Wilcox to 365 days in jail, suspending 359 days. The judge also imposed a $5,000 fine and suspended $3,922 of that. The judge also found that Mr. Wilcox "admitted on the stand that he refused the breath test. . . . [H]e did, in fact, admit to that." Clerk's Papers at 2. The judge reflected this finding in the judgment and sentence by checking a box indicating "Refusal." The court also prepared and filed a "Court Judgment Information" form with the Department of Licensing (DOL) and attached the judgment. The court also checked a box indicating "Refusal" on the form's "Conviction Section."

¶4 Mr. Wilcox appealed to the Spokane County Superior Court. He argued, on authority of *Blakely,* that the jury, not the judge, had to find that he refused the breath test. The superior court agreed and remanded his case for further proceedings. The City appeals the superior court order.

## DISCUSSION

¶5 The City contends that Mr. Wilcox has no right to have a jury determine whether he refused to submit to a breath test for several reasons. First, it asserts that "refusal" is not an element of the City's DUI sentencing ordinance. SPOKANE MUNICIPAL CODE (SMC) 16.61.5055. Next,

---

[1] *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

the City argues that the court did not violate Mr. Wilcox's right to a jury trial because the judge's finding of "refusal" did not increase his conviction's statutory maximum sentence; instead, the finding increased the length of his license suspension only. The City contends that the Sixth Amendment does not apply to a license suspension that follows a DUI conviction. *State v. Dykstra,* 127 Wn. App. 1, 110 P.3d 758 (2005); *State v. Scheffel,* 82 Wn.2d 872, 879, 514 P.2d 1052 (1973). The City also maintains that Mr. Wilcox's license suspension was proper even if *Blakely* applies because Mr. Wilcox admitted that he refused the breath test under oath. *Blakely,* 542 U.S. at 303.

¶6 Mr. Wilcox responds that the sentencing court erred when it found that he refused a breath test because the jury's verdict authorized a maximum license suspension penalty of only 90 days. He argues that the net effect of the district court's finding of "refusal" to take the breath test increased the penalty—his license was suspended for one year rather than 90 days.

¶7 The question presented is a question of law and so our review is de novo. *State v. Campbell,* 125 Wn.2d 797, 800, 888 P.2d 1185 (1995).

¶8 "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). "[T]he 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 542 U.S. at 303 (emphasis omitted).

¶9 The question then is whether a license suspension is a penalty and therefore subject to the rules set out in *Apprendi* and *Blakely.*

¶10 We have already concluded that a defendant is not entitled to jury findings on the facts underlying a license suspension: "The *Blakely* rule protects the Sixth Amend-

ment right to trial by jury. But it does not apply to a driver's license suspension." *Dykstra,* 127 Wn. App. at 12 (citation omitted). That is because "the Department of Licensing, not the court, acts on the license. The revocation is automatic upon notice to the department of the appropriate . . . conviction. Sentencing has nothing to do with it." *Id.* And so "[l]icense suspension is not punishment." *Id.* at 13.

¶11 Mr. Wilcox contends that the *Dykstra* holding does not apply to his case. He argues that *Dykstra* addressed a statute that is different from the ordinance at issue here. But the difference he argues is not material. The material provision of the ordinance in Mr. Wilcox's case (SMC 16.61.5055) is the same as the material provision in the statute at issue in *Dykstra* (RCW 46.20.285). SMC 16.61-.5055(H), like RCW 46.20.285, makes license suspension automatic upon notice to the DOL of the applicable conviction. And like RCW 46.20.285, the ordinance gives the DOL, not the court, the power to suspend licenses. SMC 16.61-.5055(H). *Dykstra* is then on point. And the *Blakely* rule does not apply to a driver's license suspension under SMC 16.61.5055(H). Moreover, the current statutory scheme imposes a remedial sanction and not criminal punishment. *Apprendi* does not then apply.

¶12 Mr. Wilcox relies on *State v. Hopkins* for the proposition that the suspension is a penalty. *State v. Hopkins,* 109 Wn. App. 558, 36 P.3d 1080 (2001). And the superior court here also concluded that a jury must find the facts underlying a license suspension upon a DUI conviction.

¶13 In *Hopkins,* the defendant was convicted of DUI for an incident occurring on January 25, 1999. *Id.* at 560-61. The defense was not permitted to present evidence that the breath test could have been between 0.141 and 0.172 based on the judge's ruling that it would decide whether Ms. Hopkins's alcohol concentration was at least 0.15. *Id.* at 561. The court also refused to instruct the jury on the issue. *Id.* The trial judge found by a preponderance that the breath test was 0.15 or higher (0.157) and sentenced the defendant accordingly as required by former RCW

46.61.5055(1) (1998). *Id.* The judge then ordered that Ms. Hopkins's driver's license be suspended for one year based upon the finding of a blood alcohol concentration of 0.15. *Id.* The license would have been suspended only for 90 days but for the 0.15 or higher reading under former RCW 46.61-.5055(1). *Id.* at 560.

¶14 The Court of Appeals reversed and remanded for resentencing. *Id.* at 570. It held, on authority of *Apprendi,* that the defendant's sentence was improperly increased beyond the statutory maximum because the trial court, not the jury, found that the breath test was 0.15 or higher:

> The jury's verdict in this case, based on a finding of an alcohol concentration of at least .08, authorized a license revocation of only 90 days. It took an additional finding that her alcohol concentration was 0.15 or above to expose Hopkins to a license revocation of one year. That critical factual issue should have been submitted to the jury. *See Apprendi,* 530 U.S. at 477. Because it was not, including a one-year license revocation in Hopkins' sentence was error.

*Id.*

¶15 But the decision in *Hopkins* is distinguishable on the law and on its facts. The court there dealt with the 1998 version of RCW 46.61.5055(1). That statute specifically listed license revocation along with jail time and a fine as punishment. The current version of the ordinance (the one applicable to Mr. Wilcox), SMC 16.61.5055(A), is essentially the same as the current version of RCW 46.61.5055(1) and does not include license suspension as a penalty for a DUI conviction.

¶16 *Hopkins* is also distinguishable on its facts. There, the verdict authorized a revocation of 90 days because it reflected a finding of a breath test result of at least 0.08. *Hopkins,* 109 Wn. App. at 568-69. Here, the jury's verdict reflected no such finding. Instead, the general jury verdict entered against Mr. Wilcox authorized the full range of available license suspension terms (from 90 days to 4 years), depending on his circumstances. Unlike the jury in

*Hopkins,* the jury here did not limit the sentencing court by finding a specific alcohol concentration level.

¶17 Moreover, a long line of Washington cases hold that revocation of a driver's license is a remedial civil sanction, designed solely for the protection of the public. *State v. McClendon,* 131 Wn.2d 853, 868, 935 P.2d 1334 (1997); *Scheffel,* 82 Wn.2d at 879; *Williams v. Dep't of Licensing,* 85 Wn. App. 271, 277, 932 P.2d 665 (1997); *see also State v. Griffin,* 126 Wn. App. 700, 109 P.3d 870 (2005) (holding that, because a license suspension under RCW 46.20.285(4) does not constitute punishment for purposes of the Sixth Amendment, a judge may decide whether a criminal defendant used a motor vehicle while committing a felony). And SMC 16.61.5055 does not manifest any legislative intent to use license suspensions as punishment.

DOUBLE JEOPARDY

¶18 Mr. Wilcox argues, nonetheless, that if SMC 16.61-.5055(H) is a remedial civil sanction, then his suspension violates the prohibition against double jeopardy because he prevailed at his administrative hearing at the DOL. However, the record does not reflect whether or why Mr. Wilcox prevailed. But we will assume that he did in our discussion here.

¶19 The Washington State Constitution, article I, section 9, prohibits the state from punishing a defendant twice for the same crime: "No person shall . . . be twice put in jeopardy for the same offense." But we have already concluded that a license suspension is not "punishment." *Dykstra,* 127 Wn. App. at 13. Mr. Wilcox, then, is not being punished twice. Again, the DOL suspended his license to protect the public.

STATUTORY MAXIMUM

¶20 Mr. Wilcox also argues that the DOL increased his punishment beyond the statutory maximum when it suspended his license. He is wrong even if we were to conclude that the suspension was punishment.

¶21 Again, *Blakely* defines the term "statutory maximum" as the maximum sentence a judge can impose based on a jury's verdict:

> [T]he "statutory maximum" . . . is the maximum sentence *a judge* may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . . [It] is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

*Blakely,* 542 U.S. at 303-04 (emphasis added and omitted). And a "sentence" is a decision of a court or a tribunal. *In re Pers. Restraint of Well,* 133 Wn.2d 433, 439, 946 P.2d 750 (1997) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2068 (1986)).

¶22 Here, a jury found Mr. Wilcox guilty of DUI under SMC 16.61.502(1)(b). That section provides, "A person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this city . . . [w]hile the person is under the influence of or affected by intoxicating liquor or any drug." SMC 16.61-.502(1)(b). A violation of the DUI ordinance is a gross misdemeanor. SMC 16.61.502(5). And gross misdemeanors are subject to a statutory maximum sentence of *one year in jail and a $5,000 fine.* SMC 10.02.021(A).

¶23 The maximum sentence the judge could then impose upon Mr. Wilcox as a result of the jury's verdict alone was one year in jail and a $5,000 fine. SMC 16.61.5055(A); *see State v. Evans,* 154 Wn.2d 438, 441-42, 114 P.3d 627 (2005) (holding that the maximum sentence a judge can impose without finding additional facts for Sentencing Reform Act of 1981, chapter 9.94A RCW, purposes is "the top of the standard sentencing range"). The judge did not have the authority to suspend Mr. Wilcox's license. SMC 16.61-.5055(H). Therefore, the varying license suspension periods are not part of any "statutory maximum sentence." The "statutory maximum sentence" under *Apprendi* is one year and $5,000.

¶24 The question of whether Mr. Wilcox refused to submit to a breath test did not need to be submitted to the jury because it was not a fact that "increase[d] the penalty for [DUI] beyond the prescribed statutory maximum." *Apprendi,* 530 U.S. at 490.

¶25 We reverse the superior court's reversal of the district court judgment and sentence.

BROWN and KULIK, JJ., concur.