IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86118-2-I |
| Respondent, | (consolidated with No. 86119-1-I) |
| v. | |
| GREENFIELD, CHRISTIAN JAMES, | UNPUBLISHED OPINION |
| Appellant. | |

BOWMAN, A.C.J. — In this consolidated appeal, Christian James Greenfield appeals his sentences for two counts of possessing a stolen vehicle and one count of theft of a motor vehicle. He argues the court abused its discretion by not meaningfully considering his request for a drug offender sentencing alternative (DOSA) and by entering findings to revoke his driver's license without statutory authority. Because Greenfield never moved for a DOSA, we affirm his standard-range sentences. But because the court relied on a former version of RCW 46.20.285 when ordering the Department of Licensing (DOL) to revoke Greenfield's driver's license, we reverse those findings, and remand for further proceedings.

FACTS

In July 2018, Greenfield pleaded guilty to possession of a stolen vehicle and theft of a motor vehicle under Snohomish County cause number 18-1-00875-31, and to possession of a stolen vehicle and possession of a controlled

substance under Snohomish County cause number 18-1-00874-31.  In February 2021, the trial court sentenced Greenfield under both cause numbers.  It denied his request for a parent offender sentencing alternative (POSA) but granted his request for a prison-based DOSA, imposing a sentence of 25 months in confinement and 25 months in community custody for the possession of a stolen vehicle and theft of a motor vehicle convictions under cause number 18-1-00875-31.  The trial court also imposed a concurrent, prison-based DOSA of 25 months in confinement and 25 months in community custody for Greenfield's possession of a controlled substance and possession of a stolen vehicle convictions under cause number 18-1-00874-31, to run concurrently with 18-1-00875-31.

Greenfield separately appealed both sentences, arguing, among other things, we should remand for resentencing because the court erred by denying his request for a POSA.  As to cause number 18-00874-31, we vacated Greenfield's conviction for possession of a controlled substance under *Blake*,[1] and for the remaining conviction of possession of a stolen vehicle, we remanded for the trial court to reconsider Greenfield's POSA request under the statutory framework.  *State v. Greenfield*, 21 Wn. App. 2d 878, 888, 508 P.3d 1029 (2022).  As to cause number 18-1-00875-31, we adopted the analysis and conclusion of *Greenfield*, 21 Wn. App. 2d at 882-88, and vacated the judgment and sentence for possession of a stolen vehicle and theft of a motor vehicle for the trial court to reconsider Greenfield's request for a POSA.  *State v. Greenfield*, No. 82346-9-I

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

(Wash. Ct. App. May 31, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/823469.pdf.

In September 2023, Greenfield pleaded guilty to a new offense in Nevada. The Nevada court imposed an indeterminate sentence of 60 to 150 months' imprisonment. In November 2023, while Greenfield was serving his Nevada sentence, the Snohomish County trial court resentenced him on cause numbers 18-1-00874-31 and 18-1-00785-31.

In his presentencing memorandum for cause number 18-1-00874-31 and at the resentencing hearing for both cause numbers, Greenfield asked the trial court to impose low-end, standard-range, concurrent sentences to also run concurrently with his Nevada sentence. Greenfield did not move for a POSA or a DOSA. And he acknowledged at the resentencing hearing that while he previously "had an opportunity to ask for [those] alternative sentence[s]," that "opportunity is no longer before him." The State argued that because Greenfield has a high offender score, has had several opportunities for alternative sentences, and continues to commit new offenses, the court should impose high-end standard-range sentences to run consecutively to the Nevada sentence.

The court sentenced Greenfield to low-end, standard-range, concurrent sentences under both cause numbers, with a total of 43 months' confinement, to run consecutively to the Nevada sentence. And it found "a motor vehicle was involved in the commission of the offense[s], and [Greenfield] will lose his ability to drive until it's reinstated."

After the court sentenced Greenfield, it asked the parties whether "anything else . . . needs to be clarified." Greenfield's attorney responded, "I don't need any clarification. The alternative request that I had considered making was to sentence Mr. Greenfield to a DOSA but consecutively." The court said, "There's no way that I can consider that today." It explained, "I have no evaluation," and "I've already sentenced him. If that was going to be your request, it should have been requested I guess previously." The court briefly discussed staying the resentencing hearing so Greenfield could ask for a DOSA after his release from Nevada. But the State objected, and the court rejected the idea.

Greenfield appeals.

ANALYSIS

Greenfield argues the trial court abused its discretion by refusing to meaningfully consider his DOSA request and by applying "a defunct version" of RCW 46.20.285 when it considered whether to revoke his driver's license.

1. DOSA

Greenfield argues the trial court abused its discretion by "failing to meaningfully consider" his DOSA request. According to Greenfield, the trial court denied his request under "the mistaken belief" that an updated evaluation was necessary for consideration of the sentencing alternative. The State contends

Greenfield did not properly move for a DOSA.[2]  We agree with the State.

To assist in addiction recovery, the DOSA program authorizes trial judges to sentence eligible, nonviolent offenders to reduced confinement time in exchange for their participation in substance use disorder treatment and increased supervision.  *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005); *see* RCW 9.94A.660.  The court may impose a DOSA if it determines that the defendant is eligible and that a DOSA is appropriate.  RCW 9.94A.660(3).  A defendant is not entitled to a DOSA, but "every defendant *is* entitled to ask the trial court to consider such a sentence and to have [it] actually considered." *Grayson*, 154 Wn.2d at 342.

We review a trial court's decision about whether to impose a DOSA for abuse of discretion.  *See State v. Smith*, 118 Wn. App. 288, 292, 75 P.3d 986 (2003).  A trial court has broad discretion in determining whether to grant a DOSA.  *Grayson*, 154 Wn.2d at 341-42.  And, generally, that decision is not reviewable.  *State v. Lemke*, 7 Wn. App. 2d 23, 27, 434 P.3d 551 (2018).  But a defendant may seek appellate review "if the trial court refused to exercise discretion at all or relied on an impermissible basis in making the decision."  *Id.*; *Grayson*, 154 Wn.2d at 342 (a categorical refusal to consider a defendant's

---

[2] The State also argues that because Greenfield did not timely move for a DOSA, he waived his argument under RAP 2.5.  But RAP 2.5 does not apply because Greenfield is not raising the argument for the first time on appeal.  *See* RAP 2.5(a).  The State also argues the invited error doctrine prevents Greenfield from obtaining relief. The invited error doctrine applies when a defendant affirmatively assents to, materially contributes to, or benefits from an error.  *State v. Kelly*, 25 Wn. App. 2d 879, 885, 526 P.3d 39 (2023), *aff'd*, 4 Wn.3d 170, 561 P.3d 246 (2024).  While Greenfield commented at resentencing that a DOSA was no longer an "opportunity . . . before him," he did not invite the court to otherwise refuse to let him belatedly move for a DOSA.

request for a sentencing alternative authorized by statute is an abuse of discretion).

Greenfield points to *Grayson* in support of his argument that the trial court improperly denied his request for a DOSA. In that case, the defendant moved for a DOSA, and the parties argued at sentencing about whether he was a "good candidate" for it. *Grayson*, 154 Wn.2d at 336. The trial court categorically denied the DOSA request because the state no longer had sufficient funds to treat people in a DOSA program. *Id.* at 336-37. Our Supreme Court reversed and remanded for the trial court to "meaningfully consider" the DOSA request. *Id.* at 343.

This case is different than *Grayson* because Greenfield never moved the court to impose a DOSA sentence. In his presentence report and at sentencing, Greenfield asked for only low-end, standard-range, concurrent sentences. Indeed, he told the court that given his current circumstances, the opportunity for a DOSA "is no longer before him."

Still, Greenfield argues his attorney sufficiently requested a DOSA after the court issued its oral ruling at resentencing, and the court refused to meaningfully consider that request. But Greenfield misconstrues the discussion. After the court issued Greenfield's sentences, it asked the parties if it needed to clarify its rulings. Only then did Greenfield's attorney inform the court that she "had considered" asking it to impose a DOSA consecutive to Greenfield's Nevada sentence. But that postsentence comment does not amount to a proper motion for a sentencing alternative—Greenfield did not notify the State or the

court that he intended to request a DOSA, offered no information supporting his eligibility, and made no argument that such a sentencing alternative was appropriate. *See State v. Francis*, No. 57963-4-II, slip op. at 26 (Wash. Ct. App. July 16, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2% 2057963-4-II%20Unpublished%20Opinion.pdf (holding the trial court did not err by refusing to consider the defendant's request for a sentencing alternative when he "did not make a proper motion," only "a quick statement with no supporting eligibility information," and did not file his pro se motion until after sentencing).[3]

And, as much as Greenfield argues the trial court abused its discretion by refusing to hear his motion for a DOSA after it sentenced him, he is incorrect. Trial courts have "inherent authority to control and manage their calendars, proceedings, and parties." *State v. Gassman*, 175 Wn.2d 208, 211, 283 P.3d 1113 (2012). And Greenfield points to no authority that a trial court abuses its discretion when it refuses to hear a sua sponte motion that the moving party did not brief. We presume that he found none. *See State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978) (When a party fails to cite supporting authority, we may assume he diligently searched and found none.).

Greenfield fails to show that the trial court abused its discretion at sentencing.

---

[3] While unpublished opinions of this court have no precedential value and are not binding on any court, parties may cite an unpublished opinion filed after March 1, 2013 for its "persuasive value." GR 14.1(a). And we may cite an unpublished opinion for its "reasoned decision." GR 14.1(c).

2. Driver's License Revocation Findings

Greenfield argues, and the State concedes, that the trial court erred by applying former RCW 46.20.285(4) (2005) when it determined that Greenfield used a motor vehicle to commit his offenses and then directed the DOL to revoke his driver's license. We agree, and accept the State's concession.

Because trial courts have discretion in sentencing matters, we review their decisions with deference, and reverse only for a "clear abuse of discretion or misapplication of the law." *State v. Elliott*, 114 Wn.2d 6, 17, 785 P.2d 440 (1990). Under former RCW 46.20.285(4), the DOL had to revoke a defendant's driver's license whenever it received a record of conviction showing that the defendant was convicted of "[a]ny felony in the commission of which a motor vehicle was used."

But in 2020, the legislature amended RCW 46.20.285(4) to direct the DOL to revoke a defendant's driver's license only for felonies where the sentencing court determines that in the commission of the offense, the defendant used a motor vehicle "*in a manner that endangered persons or property*." LAWS OF 2020, ch. 16, § 1. The amendment took effect on January 1, 2022. *Id.* And we have since determined that the amendment to RCW 46.20.285(4) is remedial and applies to all sentencings after that date. *See State v. Gamez*, No. 86172-7-I, slip op. at 10 (Wash. Ct. App. Mar. 25, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/861727.pdf (concluding that because RCW 46.20285(4) "sets forth a remedial sanction and not a criminal punishment . . . , it was applicable at the time of sentencing") (citing *City of Spokane v. Wilcox*, 143 Wn.

App. 568, 572, 179 P.3d 840 (2008); *State v. Pillatos*, 159 Wn.2d 459, 473, 150 P.3d 1130 (2007)).

The State concedes the court erred by applying former RCW 46.20.285(4) instead of the 2022 amended statute at Greenfield's November 2023 resentencing. And it concedes that the facts under cause number 18-1-00874-31 do not support a finding that Greenfield used a motor vehicle "in a manner that endangered persons or property."[4] RCW 46.20.285(4). So, we remand cause number 18-1-00874-31 for the trial court to strike its finding under RCW 46.20.285(4).

But the State argues that the facts in cause number 18-1-00875-31 support a finding under RCW 46.20.285(4) that Greenfield used a motor vehicle during the commission of a felony "in a manner that endangered persons or property." Greenfield argues the facts do not support such a finding. We decline to resolve this dispute. We reverse the trial court's findings under cause number 18-1-00875-31 and remand for the trial court to apply the facts of that incident to the current version of RCW 46.20.285(4) to determine whether to revoke Greenfield's driver's license.

We affirm Greenfield's standard-range concurrent sentences to run consecutive to his Nevada conviction. But we remand for the trial court to strike its RCW 46.20.285 finding in cause number 18-1-00874-31 and to apply the

---

[4] We note that under this cause number, the court checked the box at the top of the judgment and sentence that states, "Defendant Used Motor Vehicle." But it did not check the box in the body of the judgment and sentence ordering the DOL to revoke Greenfield's license. Because the DOL could interpret the judgment and sentence as a record of felony conviction showing the use of a motor vehicle, we address it as an order to revoke.

statutory amendment to RCW 46.20.285(4) to the facts in cause number 18-1-00875-31.  If the trial court concludes that the facts under 18-1-00875-31 do not support a license revocation finding under the current statute, it must strike its findings from the judgment and sentence and notify the DOL that Greenfield's driver's license is not subject to revocation.

_____, ACJ

WE CONCUR:

_____        _____
                               Mann, J.