[No. 42499.    En Banc.    May 3, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID FRANCIS LADELY, *Appellant*.

*Robert S. Egger* and *John A. Strait,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Christopher J. Bell, Deputy,* for respondent.

WRIGHT, J.—Appellant appeals herein and raises two questions. Was there sufficient evidence to support a conviction of the crime of grand larceny by receiving and concealing stolen property? May a prosecution for that crime be instituted more than 3 years after the original stealing? We answer both in the affirmative.

Detective William K. Rauschmier of the Seattle Police Department went to appellant's residence on April 24, 1971 in response to a complaint by appellant that a burglary had been committed. During the investigation of the alleged burglary, an individual was mentioned as a possible suspect. Appellant stated if that suspect had committed the crime he would have taken an antique Walker Colt revolver. Appellant then showed the antique to the officer, who noted the serial number as No. 455. Upon returning to the police station Detective Rauschmier checked the records and found that particular antique revolver had been stolen during the burglary of an apartment in the city of Seattle on June 7, 1968.

A search warrant was obtained and Detective Rauschmier and several other Seattle police officers searched the appellant's residence. During the search several items were found, the antique revolver, a microscope which had been stolen from a doctor's office building, and two film canisters belonging to the Seattle Public Library. Appellant was arrested, and a charge of grand larceny under subsection (5) of RCW 9.54.010 was filed on June 8, 1971. The filing of the information was 3 years and 1 day after the original theft of the antique revolver.

Count 1 of the information related to the microscope. Upon trial the jury found appellant "not guilty" on count 1. Count 2 related to the antique revolver. The jury found

appellant "guilty" on count 2. This appeal is concerned only with count 2.

RCW 9.54.010 reads:

Larceny. Every person who, with intent to deprive or defraud the owner thereof—

(1) Shall take, lead or drive away the property of another; or

(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; or

(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or

(4) Having received any property by reason of a mistake, shall with knowledge of such mistake secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; and

(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—

Steals such property and shall be guilty of larceny.

With regard to the first question, whether there was sufficient evidence to sustain a conviction, there are several essential elements under subsection (5) to constitute larceny. The only one of those elements in question here is "knowing the same to have been so appropriated". Appellant

contends "there was not sufficient evidence to prove guilty knowledge on the part of appellant, that the revolver in question was stolen property."

The antique revolver was stolen property. In addition to that it was established that appellant told three different stories to police officers about his ownership and how he acquired the revolver. He also had the film canisters. They were obtained from the library by use of a library card belonging to one Kenneth Henshaw, the victim of the burglary in which the antique revolver had been stolen. The library card had been taken in the June 7, 1968 burglary.

The three stories were as follows. Appellant told Detective Rauschmier he had owned the antique rovolver for some time and it was worth about one thousand dollars. He told Detective Patrick Dempsey, who was detaining him during the search, he had bought it from one Cobb Torrez within the past 2 weeks for one hundred dollars, but had no receipt. At trial, he testified he received the revolver from one George Zerneky on April 10, 1971 in exchange for an air compressor.

The argument that the act of showing the antique revolver to Detective Rauschmier was inconsistent with concealing it, is an argument which could properly be made to the jury. Although we do not have the arguments of counsel in the statement of facts, we do know that appellant was represented by a highly competent member of the bar. We can safely assume the matter was fully argued to the jury. All matters of the credibility of witnesses and of the weight of testimony are for the consideration of the jury.

■ There is sufficient evidence in a charge of grand larceny by possession where the state has shown that the defendant was in possession of the item combined with slight corroborative evidence of other inculpatory circumstances tending to show guilt. Thus, the giving of a false explanation or one that is improbable or is difficult to verify in addition to the possession is sufficient. *State v. Beck,* 4 Wn. App. 306, 480 P.2d 803 (1971); *State v. Hatch,* 4 Wn. App. 691, 483 P.2d 864 (1971); *State v. Douglas,* 71 Wn.2d

303, 428 P.2d 535 (1967) and cases cited therein. In the instant case the evidence was adequate to sustain a conviction.

Appellant contends that the use of the words "within three years after their commission" in the statute of limitations, RCW 10.01.020, refers to the original taking. In many states, the rule is that the statute of limitations starts to run with the receiving of the stolen property. *State v. Friend*, 210 Iowa 980, 230 N.W. 425 (1930).

The question of the statute of limitations as to receiving stolen property is one of first impression in Washington. Appellant contends the statutes in most other jurisdictions are different from the statute in Washington in that in many states the crime of concealing or receiving stolen property is a separate offense from larceny.

An analysis of RCW 9.54.010 shows five subsections, each setting forth a way in which larceny can be committed. Each of the first four subsections are joined in the disjunctive by "or" while subsection (5) is preceded by the conjunctive "and". Such language would import a legislative intent that while the first four subsections are simply different ways in which property can be stolen, the final subsection (5), is a different crime. It was held in *State v. Hite*, 3 Wn. App. 9, 472 P.2d 600 (1970), that the Washington larceny statute is a consolidation of different offenses. It is stated therein that a majority of jurisdictions holds one cannot be convicted both as the principal thief and the receiver of stolen goods.

Subsection (5) states that one who brings into the state, buys, sells, receives or aids in concealing or withholding any property which has been stolen as provided in the other parts of the chapter "shall be guilty of larceny". It is significant to note this subsection includes within its scope all property appropriated "whether within or outside of this state".

Certainly one could not be prosecuted in this state for stealing an article outside of the state. He can, however, be

prosecuted under subsection (5) for bringing such an item into the state. Such language gives support to the position that a separate crime is defined in subsection (5).

Considering all of the factors, we hold that subsection (5) defines a crime different from the crimes defined in the preceding subsections of RCW 9.54.010. We, therefore, hold that the statute of limitations starts to run with the receiving of the stolen property, or with the occurrence of one of the other acts mentioned, such as buying the property.

In this case, appellant testified under oath he had bought the antique revolver on April 10, 1971, less than two months before the information was filed. One of the other stories told by appellant placed his purchase of the antique revolver at about the same time. That was adequate evidence for the jury to find defendant had come into possession of the stolen property within the statute of limitations.

It is clear, and we so hold, that the commission of the crime defined and prohibited in RCW 9.54.010(5) occurs at the time of coming into possession with guilty knowledge.

Having determined both of the questions adverse to the appellant, the judgment is affirmed.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.