[No. 22983-8-II. Division Two. April 16, 1999.]
THE STATE OF WASHINGTON, *Respondent*, v. JAMES ALLEN BATTEN, *Appellant*.

*Anthony James Lowe*, for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney*, and *James E. David, Deputy*, for respondent.

BRIDGEWATER, C.J. — James Allen Batten appeals the revocation of his driver's license after his convictions for the felonies of possession of a controlled substance and felon in possession of a firearm. We hold that where the felony is a possessory offense, the "use" of a motor vehicle occurs by the mere presence of the prohibited item in the vehicle but not on the person, permitting the State to revoke the license of the driver. We affirm.

Camas police stopped Batten in his automobile for license plate and vehicle registration infractions. Police discovered that Batten also had an outstanding warrant and placed him under arrest. During a search of Batten's vehicle incident to arrest, police discovered on the front console a spoon and cotton ball with methamphetamine residue and a .380 pistol under the driver's seat. Batten explained to the officer that he had taken the gun to go shooting in the hills three days earlier and had forgotten that it was in the automobile.

The State charged Batten with one count of unlawful possession of a controlled substance, RCW 69.50.401(d), and unlawful possession of a firearm in the second degree, RCW 9.41.040(1)(b)(i) (felon in possession of a firearm). Batten pleaded guilty to both counts. At sentencing, the court found that Batten's driver's license should be revoked for one year because it determined that he used a vehicle in the commission of the crimes. Batten challenges the revocation of his license, arguing the revocation statute, RCW 46.20.285, does not apply to his acts.

RCW 46.20.285 requires the revocation of a person's driver's license for one year if the person is convicted of, among other crimes, "[a]ny felony in the commission of which a motor vehicle is used . . . ." Batten argues that he did not "use" a motor vehicle in the commission of his crimes. The State argues that he did. This matter is one of first impression in Washington.

■ Both sides contend that the statute is unambiguous. The meaning of a plain and unambiguous statute must be derived from the wording of the statute itself. *See Paulson v. Pierce County*, 99 Wn.2d 645, 650, 664 P.2d 1202 (1983). The statute does not define "used." Accordingly, "[i]n the absence of a statutory definition of a word, we employ the plain and ordinary meaning of the word as found in a dictionary." *State v. Bolar*, 129 Wn.2d 361, 366, 917 P.2d 125 (1996). The dictionary defines "used" as "employed in accomplishing something." WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 2524 (3d ed. 1966). Thus, in order for the stat-

ute to apply, a vehicle must have been "employed in accomplishing" the crime.

We are aware that other states have considered this issue. California requires that a nexus exist between the offense and the vehicle, not merely an incidental use of the vehicle. *See People v. Poindexter*, 210 Cal. App. 3d 803, 258 Cal. Rptr. 680, 682 (1989). The California court essentially asked the question, "Was the crime carried out by means of the car or was the car used as an instrumentality in the crime?" *See Poindexter*, 258 Cal. Rptr. at 682. Either would allow for license revocation.

In *People v. Paulsen*, 217 Cal. App. 3d 1420, 267 Cal. Rptr. 122 (1989), the court applied the same interpretation of "used" and found that the actions of the defendant did fit the standard set forth in *Poindexter*. Paulsen and an accomplice used a rental truck and a car to pick up, transport, and store stolen and fraudulently purchased merchandise. *Paulsen*, 267 Cal. Rptr. at 123. The court found revocation appropriate because "there was a strong nexus between the crimes perpetrated by defendant and the two motor vehicles in this case. Both . . . were instrumental in carrying out the crimes charged." *Paulsen*, 267 Cal. Rptr. at 123.

In another California case cited by the parties, *In re Gaspar D.*, 22 Cal. App. 4th 166, 27 Cal. Rptr. 2d 152 (1994), the court found a sufficient nexus where the defendant and an accomplice drove to the scene, broke into a car, stole the stereo, and drove away. Police found the stereo in the trunk of the vehicle. The court stated that "[a]side from the use of the vehicle for transportation to and away from the chosen crime scene, there was use of the vehicle to conceal the fruits of the crime in the trunk. A sufficiently strong nexus between the vehicle use and the crime existed to" justify revocation. *Gaspar*, 27 Cal. Rptr. 2d at 154.

Pennsylvania also has a similarly worded statute. Its courts have determined that to justify revocation, the crime " 'must have some reasonable relation to the operation of the motor vehicle, and the use of the motor vehicle must contribute in some reasonable degree as opposed to being

merely incidental to the commission of the crime.' " *Department of Transp., Bureau of Traffic Safety v. Critchfield*, 9 Pa. Commw. 349, 305 A.2d 748, 750 (1973) (quoting *License of Creasy*, 49 Pa. D. & C.2d 775, 778 (1970)).

 We adopt a similar rationale and hold that the vehicle must contribute in some way to the accomplishment of the crime. There must be some relationship between the vehicle and the commission or accomplishment of the crime. Accordingly, where the conviction is a possessory felony, we hold that the possession must have some reasonable relation to the operation of a motor vehicle or that the use of the motor vehicle must contribute in some reasonable degree to the commission of the felony. We further hold this test is met when prohibited items such as drugs or a firearm are present in a motor vehicle, provided that the items are not on the person of someone in the vehicle. This, then, constitutes a "use" of the vehicle sufficient to revoke the driver's license of the driver.

Under this standard, possession of the firearm is sufficient in this case to warrant revocation. Batten left the gun in the vehicle, hidden under the seat, for several days. He was using the vehicle as a place to store and conceal the gun. Like Gaspar, the use of the vehicle to conceal the contraband creates a sufficient nexus between the crime of possession and the vehicle use.

The possession of methamphetamine is also sufficient to justify revocation. Although the paraphernalia and residue were not hidden, they were on the console of the car. The automobile was the repository of, or the container for the drugs. It was the location where the possessed drugs were kept. Thus, it was an integral element and contributed in some reasonable degree to the commission of the crime.

Affirmed.

MORGAN and SEINFELD, JJ., concur.

Review granted at 138 Wn.2d 1021 (1999).