[No. 68095-7.   En Banc.]
Argued February 17, 2000.      Decided April 20, 2000.
THE STATE OF WASHINGTON, *Respondent*, v. JAMES ALLEN
BATTEN, *Petitioner.*

*Anthony James Lowe*, for petitioner.

*Arthur D. Curtis, Prosecuting Attorney*, and *James Everett David, Deputy*, for respondent.

*Suzanne Lee Elliott* and *Kitteridge Oldham* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.

ALEXANDER, J. — RCW 46.20.285(4) requires revocation of the driver's license of any person who uses a motor vehicle in the commission of a felony. The issue the petitioner, James Batten, presents to us is whether the trial court erred in holding that Batten's acts of possessing a controlled substance and a firearm in the interior of his vehicle constitute use of a vehicle in the commission of felonies. We hold that the trial court did not err and we, therefore, uphold the Court of Appeals decision affirming the trial court's determination.

On December 21, 1997, Camas Police Officer Penniger stopped a vehicle because its license tabs were expired. After determining that the driver of the vehicle was James Allen Batten, Officer Penniger learned that there was an outstanding warrant for Batten's arrest. She, therefore, arrested Batten and performed a search of his car incident to the arrest. Under the driver's seat the officer found a .380 caliber handgun. In the console between the two front seats she found a cotton ball and a spoon. Both items were coated with what was later determined to be methamphetamine

residue. When questioned by the police officer, Batten admitted that he was a convicted felon and could not legally possess a firearm. He told the officer that he had been target shooting with the handgun three days earlier and had forgotten that he left it in the car.

The Clark County prosecuting attorney charged Batten with two felonies, unlawful possession of a controlled substance and unlawful possession of a firearm in the second degree. RCW 69.50.401(d); RCW 9.41.040(1)(b)(i). He pleaded guilty to both charges. At sentencing the trial court found that Batten's storage and transportation of the handgun and controlled substance in his vehicle constituted "use" of the motor vehicle in the commission of the felonies to which he pleaded guilty. Over Batten's objection, it ordered that Batten's license to drive be revoked. The Department of Licensing thereafter revoked Batten's driver's license for one year.

Batten appealed to the Court of Appeals, Division Two, claiming that the trial court erred in ordering revocation of his driver's license on the basis that he used his motor vehicle in the commission of the charged felonies. That court affirmed the revocation, concluding that "where the felony is a possessory offense, the 'use' of a motor vehicle occurs by the mere presence of the prohibited item in the vehicle." *State v. Batten*, 95 Wn. App. 127, 128, 974 P.2d 879, *review granted*, 138 Wn.2d 1021, 989 P.2d 1138 (1999). Batten sought review of the Court of Appeals decision and we granted his request.

RCW 46.20.285(4) requires the revocation of a person's driver's license for a period of one year for "[a]ny felony in the commission of which a motor vehicle is used." Batten contends here, as he did in the Court of Appeals, that the trial judge should not have revoked his license.[1] He bases his argument on his assertion that "[t]he vehicle is . . .

---

[1]Pursuant to RCW 46.20.285, a driver's license is revoked by the Department of Licensing "upon receiving a record of the driver's conviction." As noted above, Batten has assigned error to the trial court's order revoking his license. Arguably, Batten's complaint is more properly directed to the Department's revocation of

not something that is being used in the commission of a felony." Pet. for Review at 11. He argues that there must be "a stronger connection between the crime and the use of the vehicle" than what he describes as his mere "passive use of the vehicle." Pet. for Review at 5, 4. Focusing his attention on the word "used" in the statute, he asserts that the aforementioned statute comes into play only when there is "a nexus between the offense and the vehicle," not merely when the use of the vehicle is "incidental" to the crime. Pet. for Review at 5 (quoting *People v. Poindexter*, 210 Cal. App. 3d 803, 258 Cal. Rptr. 680, 682, *review denied* (1989)).

■ ■ In affirming the decision of the trial court, the Court of Appeals determined that in order for the statute to apply

> the vehicle must contribute in some way to the accomplishment of the crime. There must be some relationship between the vehicle and the commission or accomplishment of the crime. Accordingly, where the conviction is a possessory felony, we hold that the possession must have some reasonable relation to the operation of a motor vehicle or that the use of the motor vehicle must contribute in some reasonable degree to the commission of the felony.

*Batten*, 95 Wn. App. at 131. In support of its reasoning, the Court of Appeals consulted a dictionary in order to ascertain the plain and ordinary meaning of the word "used" and concluded that it meant " 'employed in accomplishing something.' " *Batten*, 95 Wn. App. at 129 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2524 (3d ed. 1966)). We are entirely comfortable with the Court of Appeals' view of the statute in question. In reaching this conclusion, we accept the concession of both parties that there is nothing ambiguous about the word "used," and we approve the meaning the Court of Appeals ascribed to that term and the language of the statute in question.

We also agree with the Court of Appeals that there was a

---

his license, rather than to the trial court's order. The State has not, however, made that argument and we have not addressed it.

sufficient nexus between Batten's possession of the firearm and methamphetamine and the use of the motor vehicle to justify the revocation of his license. As that court noted, Batten had left the handgun in the car for several days in a spot where it would not be easily detected. Employing a vehicle as a place to store and conceal the weapon, in our judgment, creates a sufficient relationship between the use of the vehicle and the crime of unlawful possession of the weapon to bring the possession of the weapon within the reach of the statute. The same can be said of Batten's possession of the methamphetamine. Although the paraphernalia that contained the methamphetamine was not hidden from view, as was the case with the handgun, a portion of the automobile, the console, was the repository for the illegal substance. We believe this is a sufficient relationship between the contraband and the vehicle to bring the possession of the substance within the ambit of the statute.

■ Although RCW 46.20.285 has existed in essentially its present form since 1937, the issue that is before us has never been presented to this court until now. We do note, though, that the decision reached by the trial court, the Court of Appeals, and this court is consistent with a ruling of a court in a sister state. While that decision is not binding on us, we observe that the California Court of Appeals in *In re Gaspar D.*, 22 Cal. App. 4th 166, 27 Cal. Rptr. 2d 152, *review denied* (1994), examined that state's almost identical statute and concluded that a person who stashed a stolen tape deck in the trunk of an accomplice's car used the vehicle in the commission of a felony. That court held that "use of the vehicle to conceal the fruits of the crime in the trunk" and as transportation to and from the crime scene constituted a "sufficiently strong nexus between the vehicle use and the crime" to apply California's license revocation statute. *Gaspar*, 27 Cal. Rptr. 2d at 154. We see no reason to view Batten's use of his vehicle to conceal his handgun and transport and store methamphetamine any differently than the *Gaspar* court viewed a defendant's transportation and concealment of fruits of a crime.

■ Finally, we observe that Amicus Washington Association of Criminal Defense Lawyers (WACDL) makes several arguments in urging us to reverse the revocation of Batten's license. All of these arguments, save one, are arguments that were not put forth by Batten. We need not consider arguments raised only by amicus and we are not inclined to do so here. *Rabon v. City of Seattle*, 135 Wn.2d 278, 291 n.4, 957 P.2d 621 (1998).

One of amicus's arguments is, however, merely a modification of Batten's statutory interpretation argument, and we address it very briefly. WACDL suggests that license revocations are authorized under RCW 46.20.285(4) only for "convictions for felonies whose commission *necessarily* involves use of a motor vehicle." WACDL Br. at 2. We disagree, noting that WACDL's interpretation of the statute is belied by its plain language, which authorizes revocation of a license for the commission of "[a]ny felony" in which a motor vehicle is used.

In conclusion, we are satisfied that there was a sufficient relationship between Batten's use of the vehicle and the crimes to which he pleaded guilty to justify revocation of his driver's license. In reaching this decision, we note that the Court of Appeals appeared to suggest that the requisite relationship between the vehicle and the crimes would not have been present if the seized items had been on Batten's person, rather than under the driver's seat or in a console. Because that factual scenario is not present here, we view that portion of the opinion as dicta and reserve the determination of that narrower issue for a day when it is squarely presented.

Affirmed.

GUY, C.J., and SMITH, JOHNSON, MADSEN, TALMADGE, SANDERS, IRELAND, and BRIDGE, JJ., concur.