[No. 24409-1-III.    Division Three.    September 12, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS ROBERT WAYNE, *Appellant*.

874

*Cece L. Glenn*, for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Dianne G. Dougherty, Deputies,* for respondent.

¶1 SWEENEY, C.J. — RCW 46.20.285(4) requires the suspension of a defendant's driver's license when the State shows that the defendant "used" a car to commit a felony. Here, a driver was caught with cocaine in his pants pocket. Police stopped him for driving while under the influence and hit and run. The question is whether his car was "used" in the commission of the felony—possession of cocaine. We conclude it was not. We therefore reverse the license suspension.

## FACTS

¶2 A police officer stopped Thomas Robert Wayne's car. Mr. Wayne had been drinking and struck two other cars. The officer arrested Mr. Wayne and searched him incident to arrest. The officer found a bottle of cocaine in Mr. Wayne's pocket.

¶3 The State charged Mr. Wayne with possession of a controlled substance, driving while under the influence, and failure to remain at the scene of an accident. Mr. Wayne pleaded guilty to possession of a controlled substance and driving while under the influence. The State moved to dismiss count three (failure to remain at the scene of an accident).

¶4 The court entered a finding that the charge for possession of a controlled substance was "a felony in . . . which a motor vehicle was used." Clerk's Papers at 40. And so it found Mr. Wayne's driver's license should be revoked.

## DISCUSSION

¶5 Mr. Wayne argues that the trial court erred when it suspended his license. He argues that he did not "use" his car to commit a felony as the statute requires. He argues that the use of his car was incidental to his felony conviction for possession of a controlled substance because the cocaine was in his pocket.

■ ¶6 We review the court's application of this statute de novo. *State v. Hearn*, 131 Wn. App. 601, 609, 128 P.3d 139 (2006).

■■ ¶7 RCW 46.20.285 requires that a driver's license be suspended following a conviction for "[a]ny felony in . . . which a motor vehicle is used." RCW 46.20.285(4). "Used" means that the vehicle must be " 'employed in accomplishing' " a crime. *State v. Batten*, 95 Wn. App. 127, 129-30, 974 P.2d 879 (1999) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2524 (1996)), *aff'd*, 140 Wn.2d 362, 997 P.2d 350 (2000). Accordingly, there must be " 'some reasonable relation to the operation of a motor vehicle or . . . the use of the motor vehicle must contribute in some reasonable degree to the commission of the felony.' " *Hearn*, 131 Wn. App. at 610 (quoting *Batten*, 95 Wn. App. at 131).

¶8 A car used to store or conceal a controlled substance falls within the meaning of the statute. *Id.*; *Batten*, 95 Wn. App. at 131. But in each of these cases the drugs were stored in the car, not on a person. *Hearn*, 131 Wn. App. at 610-11; *Batten*, 95 Wn. App. at 131. The use of the car is merely incidental if possession is with the person rather than the car. *See Hearn*, 131 Wn. App. at 610-11.

¶9 Here, the bottle of cocaine was in Mr. Wayne's pocket. There is, then, no "reasonable relation" between Mr. Wayne's

possession of a controlled substance and the operation of his car. *Id.* The drugs did not contribute to Mr. Wayne's vehicle accident; the alcohol did. And Mr. Wayne did not transport the drugs with an intent to deliver them.

¶10 The car here did not then " 'contribute in some reasonable degree to the commission of the felony.' " *Id.* (quoting *Batten*, 95 Wn. App. at 131).

¶11 We therefore reverse the suspension of Mr. Wayne's driver's license.

SCHULTHEIS and KATO, JJ., concur.