172 P.3d 365 (2007)
STATE of Washington, Respondent,
v.
B.E.K.,[] Appellant.
No. 35338-5-II.
Court of Appeals of Washington, Division 2.
November 14, 2007.
*366 Stephanie C. Cunningham, Attorney at Law, Seattle, WA, for Appellant.
Kathleen Proctor, Pierce County Prosecuting Atty. Ofc., Tacoma, WA, for Respondent.
HOUGHTON, C.J.
¶ 1 B.E.K. appeals a juvenile court order notifying the Department of Licensing (DOL) of his second degree malicious mischief felony conviction for spray-painting a police vehicle, resulting in a one year revocation of his driver's license. He argues that his act does not constitute a vehicle use in the commission of a felony under RCW 46.20.285(4). We agree and reverse and remand with instructions to vacate the revocation order.

FACTS
¶ 2 On October 19, 2005, Pierce County Sheriff's Deputy Wulick contacted Deputy Larsen at his residence regarding Larsen's report of vandalism to his patrol car between the night of October 10 and the morning of October 11. Larsen reported that unknown person(s) had spray-painted his patrol car with purple paint. Spray-painted on the hood and windshield was the phrase, "$20 pig," and sprayed on the driver's side door was the phrase, "4:20 f____ing pigy [sic]!!" Clerk's Papers at 2.
¶ 3 The same day, Wulick contacted 17-year-old B.E.K. regarding the incident, who admitted that he and two adult friends had spray-painted the patrol car.
¶ 4 The State charged B.E.K. with second degree malicious mischief for physically damaging an emergency vehicle, RCW 9A.48.080(1)(b).[1] B.E.K. pleaded guilty.
¶ 5 At the plea and sentencing hearing, B.E.K. challenged whether the juvenile court should notify the DOL of his adjudication, arguing that Washington's driver's license revocation statute did not apply because he did not use a vehicle during the commission of his felony. The juvenile court entered a disposition order against him for second degree malicious mischief but reserved the issue on his motion whether it would report his adjudication to the DOL.
¶ 6 A juvenile court commissioner denied B.E.K.'s motion and ordered DOL be notified of his adjudication but stayed the order pending B.E.K.'s motion to revise.
¶ 7 The juvenile court later denied his motion to revise and ordered DOL be notified of his adjudication. It stayed the order pending B.E.K.'s appeal.

ANALYSIS
¶ 8 B.E.K. contends that, for purposes of RCW 46.20.285(4), one uses a vehicle in the commission of a felony when he operates or actively employs the vehicle to accomplish a crime but not when the vehicle is merely the target of the crime.
¶ 9 We interpret a statute de novo as a question of law. State v. J.P., 149 Wash.2d 444, 449, 69 P.3d 318 (2003). Where a statute's meaning is plain on its face, we follow that plain meaning without resorting to statutory construction. State v. Delgado, 148 Wash.2d 723, 727, 63 P.3d 792 (2003). We find a statute ambiguous if we can reasonably interpret it more than one way. Vashon Island Comm. for Self-Gov't v. Wash. State Boundary Review Bd., 127 Wash.2d 759, 771, 903 P.2d 953 (1995). But under the rule of lenity, where two possible statutory constructions are permissible, we construe the statute strictly against the State in favor of a criminal defendant. State v. Gore, 101 Wash.2d 481, 485-86, 681 P.2d 227 (1984).
¶ 10 Washington's license revocation statute, RCW 46.20.285, mandates that the DOL revoke a driver's license for one year where the driver has a final conviction for "[a]ny felony in the commission of which a motor vehicle is used." RCW 46.20.285(4). The statute does not define "use." In the absence of a statutory definition, we have used the plain and ordinary meaning of the word to find that, in order for RCW 46.20.285(4) to *367 apply, a vehicle must have been "employed in accomplishing" the crime. State v. Batten, 95 Wash.App. 127, 129-30, 974 P.2d 879 (1999), affirmed, 140 Wash.2d 362, 997 P.2d 350 (2000) (Batten II).
¶ 11 There is no Washington case law addressing the applicability of RCW 46.20.285(4) to the crime of second degree malicious mischief for damage to an emergency vehicle, but we have interpreted the statute in the context of other felonies. In analyzing the statute's applicability to the crimes of unlawful possession of a controlled substance and unlawful possession of a firearm, our Supreme Court affirmed the relevant test for "use" as whether the felony has some reasonable relation to the operation of a motor vehicle, or whether the use of the motor vehicle contributes in some reasonable degree to the commission of the felony.[2]Batten, 140 Wash.2d at 365, 997 P.2d 350.
¶ 12 Based on this test, Washington courts have found that the statute clearly applies where the commission of a felony directly involves motor vehicle operation. See, e.g., State v. Dykstra, 127 Wash.App. 1, 11-12, 110 P.3d 758 (2005) (finding the Batten II test was met for a first degree theft conviction where the appellant was part of an auto theft ring and cars were stolen, driven around to find other cars to steal, and used during lookout operations); State v. Griffin, 126 Wash.App. 700, 708, 109 P.3d 870 (2005) (finding that the use of a car directly contributed to the commission of the crime of cocaine possession where the appellant received cocaine in exchange for giving someone a ride in the car).
¶ 13 Likewise, for a possession crime, we have found a sufficient nexus to invoke the statute where the defendant used a vehicle as a repository to store contraband. See Batten, 95 Wash.App. at 131, 974 P.2d 879 (for a crime of possession, the mere presence of the prohibited item in a vehicle is sufficient to permit the State to revoke a driver's license because the vehicle was the location where the item was kept); Batten, 140 Wash.2d at 366, 997 P.2d 350 ("[e]mploying a vehicle as a place to store and conceal the weapon, in our judgment, creates a sufficient relationship between the use of the vehicle and the crime of unlawful possession of the weapon to bring the possession of the weapon within the reach of the statute").
¶ 14 On the other hand, we have held that RCW 46.20.285(4) does not apply where the vehicle was incidental to the commission of the crime. See State v. Wayne, 134 Wash. App. 873, 875-76, 142 P.3d 1125 (2006) (finding that, while the use of a car to conceal a controlled substance fell within the meaning of the license revocation statute, the statute did not apply where the contraband item was found on the appellant's person because there was no reasonable relationship between the crime of possession and the vehicle, and the vehicle itself did not contribute in some reasonable degree to the commission of the felony); State v. Hearn, 131 Wash. App. 601, 610-11, 128 P.3d 139 (2006) (finding that the Batten II criteria were not met for the crime of possession where drug paraphernalia was found in the appellant's belongings inside the vehicle, but the vehicle itself was not used to store or conceal the contraband).
¶ 15 The State argues that, because it is a necessary element of second degree malicious mischief that the offender perpetrates that mischief on an emergency vehicle, a sufficient nexus between the vehicle and the commission of the crime exists to constitute a "use" within the meaning of the statute. We agree that a clear relationship existed here between the vehicle and the crime because B.E.K.'s perpetration of mischief on a patrol car is what elevated his crime to a second degree felony.
¶ 16 But a relationship in any form between the vehicle and the crime is not sufficient. The relevant test under RCW 46.20.285(4) is whether vehicle operation or use contributed in some reasonable degree to the commission of a felony. In other words, the vehicle must be an instrumentality of the crime, such that the offender uses it in some fashion to carry out the crime.
*368 ¶ 17 The cases applying RCW 46.20.285(4) are thus distinguishable from the current case because B.E.K. did not employ the patrol car in any manner to commit his act of mischief but simply made the patrol car the object of his crime. Although commission of his crime was related to the vehicle, that nexus was based, not on a manner of use but on a relationship as between an offender and his victim.
¶ 18 We also note that, even were another statutory interpretation of the term "use" permissible here, the rule of lenity demands that, as between two permissible interpretations, we construe the statute in B.E.K.'s favor and most strictly against the State. Gore, 101 Wash.2d at 485-86, 681 P.2d 227.
¶ 19 Accordingly, we reverse the juvenile court's ruling and remand with instructions to vacate its order notifying the DOL of B.E.K.'s felony adjudication.
We concur: BRIDGEWATER and PENOYAR, JJ.
NOTES
[] The nature of this case requires some confidentiality. Accordingly, under RAP 3.4, we do not use the appellant juvenile's full name.
[1] Under RCW 9A.48.080(1)(b), a person is guilty of second degree malicious mischief if he knowingly and maliciously "[c]reates a substantial risk of interruption or impairment of service rendered to the public, by physically damaging or tampering with an emergency vehicle." Second degree malicious mischief is a felony. RCW 9A.48.080(2).
[2] Authorized license revocations are not limited to those felonies "whose commission necessarily involves use of a motor vehicle." Batten, 140 Wash.2d at 367, 997 P.2d 350 (emphasis omitted).