[No. 28441-7-III.   Division Three.   July 7, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANCISCO JAVIER CONTRERAS, *Appellant*.

---

*David L. Donnan* and *Thomas M. Kummerow* (of *Washington Appellate Project*), for appellant.

*James P. Hagarty, Prosecuting Attorney*, and *Kevin G. Eilmes, Deputy*, for respondent.

¶1 SWEENEY, J. — This appeal follows a conviction for possession of a stolen car and suspension of a driver's license because the crime involved the use of that car. We conclude that the statute of limitations did not run on this offense, even though the defendant took possession of the car in 2004, because the defendant continued to possess the car up to the date he was charged with this crime. And we conclude that the car was "used" for purposes of a statute that required suspension of a driver's license when a vehicle is used in the commission of a crime. We therefore affirm the conviction and the sentence.

## FACTS

¶2 On June 27, 2004, Rafael Torres reported to the Yakima Police Department that his red 1990 Acura Integra

had been stolen. Around that same time, Francisco J. Contreras acquired possession of the car. Mr. Contreras held and drove the 1990 Acura Integra from 2004 until October 2007.

¶3 On October 1, 2007, Mr. Contreras took the 1990 Acura Integra to the state patrol office in Union Gap, Washington, for a vehicle licensing inspection. He presented the car as a black 1991 Acura Integra. Mr. Contreras had previously owned a black 1991 Acura Integra. That car, however, had been involved in a collision and the state had classified it as an "insurance total or a salvage." Report of Proceedings at 108-09.

¶4 The officers who inspected the 1990 Acura saw a number of irregularities. The car had a poor paint job. The stolen 1990 Acura was originally red but had been painted black to match Mr. Contreras's destroyed 1991 Acura. The car's engine compartment was still red and there were small specks of paint where tape had been applied when the car was painted. The vehicle identification number (VIN) tags on the driver's side door had been glued on. There was a hole in the firewall of the engine compartment where the secondary VIN tag should have been. The VIN in the passenger compartment of the stolen 1990 Acura belonged to the destroyed 1991 Acura registered to Mr. Contreras. But the number found on the engine of the car indicated that it was actually the 1990 Acura. The officers concluded that the 1990 Acura had been stolen.

¶5 On January 30, 2009, the State charged Mr. Contreras with one count of possession of a stolen motor vehicle. Mr. Contreras moved to dismiss on grounds that a three-year statute of limitations had run before he was charged. The court denied the motion:

> Contrary to [defense counsel's] assertion, the court believes that possession of stolen property is a continuing offense. Consequently, prosecution for that prong of the crime can be initiated at anytime within three years of the last occasion on which the property was possessed.

Clerk's Papers (CP) at 70.

¶6 A jury found Mr. Contreras guilty of possession of a stolen vehicle. The court made a special finding that the crime was "a felony in the commission of which a motor vehicle was used." CP at 27. The court then reported the conviction to the Department of Licensing, and the department revoked Mr. Contreras's driver's license.

## DISCUSSION

STATUTE OF LIMITATIONS—POSSESSION OF STOLEN PROPERTY

¶7 Mr. Contreras contends that the three-year statute of limitations, for the crime of possession of this stolen property, ran because he obtained this car in 2004 and the State did not charge him with possession until 2009. RCW 9A.04.080(1)(h). The State responds that Mr. Contreras "possessed" the car every day that he continued to keep it and, therefore, possessed this stolen property up to, and including, the day he was charged. And, if that were not enough, the State continues that he certainly had possession when he attempted to license it as his own in 2007.

¶8 The interpretation and application of the statute prohibiting possession of stolen property (RCW 9A-.56.068) and the appropriate application of a statute of limitations (RCW 9A.04.080(1)(h)) are questions of law that we will review de novo. *State v. Gonzales Flores*, 164 Wn.2d 1, 10, 186 P.3d 1038 (2008).

¶9 The State may not prosecute a crime after the applicable period of limitations has passed. *State v. Glover*, 25 Wn. App. 58, 61, 604 P.2d 1015 (1979). Felony possession of stolen property may not be prosecuted "more than three years after its commission." RCW 9A.04.080(1)(h). "Possessing stolen property" means "knowingly to *receive, retain, possess*, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." RCW 9A.56.140(1) (emphasis added).

¶10 The State charged Mr. Contreras with possession of stolen property (a motor vehicle), occurring "on or about

October 1, 2007" by an amended information filed August 11, 2009. CP at 52. Mr. Contreras admits he received the stolen 1990 Acura Integra in 2004. And he admits that he possessed and drove the car between 2004 and October 1, 2007, when he took it to the Washington State Patrol office to get it relicensed.

¶11 The State says the offense here was continuing. It is if (1) the legislature expressly says the offense is continuing or (2) the nature of the offense leads to a reasonable conclusion that the legislature so intended. *State v. Green*, 150 Wn.2d 740, 742-43, 82 P.3d 239 (2004).

¶12 The legislature has not designated possession of stolen property as a continuing offense. But the statutory language and the facts here lead us to the conclusion that this is a continuing offense. RCW 9A.56.140(1) prohibited Mr. Contreras from retaining or possessing this car. He did both throughout the three-year period before the State charged him. That the car was stolen is not disputed. That Mr. Contreras actually possessed the car is not disputed. The only question is when he possessed it. Mr. Contreras would have us characterize the issue as when the defendant *first possessed* it. But we do not read the statute that way. RCW 9A.56.140(1).

¶13 Mr. Contreras argues on authority of *State v. Ladely* that his possession here was not a continuing offense. 82 Wn.2d 172, 509 P.2d 658 (1973). In *Ladely*, the defendant was charged with violating Washington's former larceny statute, RCW 9.54.010(5) (1915),[1] by possessing a stolen antique revolver. 82 Wn.2d at 173-74. The revolver had been stolen on June 7, 1968, but the defendant testified that he had bought the revolver in April 1971. *Id.* at 173, 177. He was charged on June 8, 1971, three years and one day after the revolver had been stolen but only two months after he said

---

[1] "Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter[ ] [s]teals such property and shall be guilty of larceny." Former RCW 9.54.010(5).

he had acquired it. *Id.* at 173. The defendant argued that the statute of limitations began to run when the revolver was originally stolen. *Id.* at 176. The Supreme Court disagreed. *Id.* at 177. The court held that Mr. Ladely came into possession when he knew the property was stolen. *Id.*

¶14 But *Ladely* is not helpful. There, the court applied a larceny statute (former RCW 9.54.010(5)), not the possession of stolen property statute (RCW 9A.56.140(1)) at issue here. Those statutes are different. *Compare* former RCW 9.54-.010(5), *with* RCW 9A.56.140(1). The larceny statute did not criminalize the "retaining" or "possessing" of stolen property; the stolen property statute does. And the dispositive factual issue there was when Mr. Ladely received the stolen property. *Ladely*, 82 Wn.2d at 176.

¶15 We conclude that possession of stolen property is a continuing offense and therefore the State can prosecute within three years of the last occasion on which the property was possessed. On October 1, 2007, Mr. Contreras possessed, and certainly retained, this stolen car.

USE OF A VEHICLE FINDING SUPPORTED BY POSSESSION OF A STOLEN CAR

¶16 The Department of Licensing must revoke the driver's license of Mr. Contreras for one year if this felony conviction amounted to the commission of a felony in "which a motor vehicle is used." RCW 46.20.285(4). Mr. Contreras contends that he did not use this vehicle in the manner contemplated by the statute to commit this crime, assuming he committed the crime. He urges, instead, that the vehicle was simply the object he possessed. Again, this is a question of law that we will review de novo. *State v. B.E.K.*, 141 Wn. App. 742, 745, 172 P.3d 365 (2007).

¶17 The statute does not define "use." Washington courts, however, have interpreted the term as "whether the felony has some reasonable relation to the operation of a motor vehicle, or whether the use of the motor vehicle contributes in some reasonable degree to the commission of the felony." *Id.* at 746; *State v. Batten*, 140 Wn.2d 362, 365,

997 P.2d 350 (2000). In other words, "the vehicle must be an instrumentality of the crime, such that the offender uses it in some fashion to carry out the crime." *B.E.K.*, 141 Wn. App. at 748.

¶18 In *B.E.K.*, a juvenile defendant was convicted of second degree malicious mischief for spray painting a police vehicle. *Id.* at 744. Division Two of this court held that RCW 46.20.285(4) did not apply because the defendant did not "employ the patrol car in any manner to commit his act of mischief but simply made the patrol car the object of his crime" and "[a]lthough commission of his crime was related to the vehicle, that nexus was based, not on a manner of use but on a relationship as between an offender and his victim." *Id.* at 748.

¶19 Here, Mr. Contreras used this car. He tried to relicense it. He possessed it. It was not something he did to the car. It was his use and his possession and assertion of ownership that satisfied the elements of the statute. RCW 9A.56.140(1).

¶20 He drove the car to the state patrol office and attempted to relicense it with the false VIN tags from his previous car. The car was not simply the object upon which he visited his crime. The court, then, did not err by finding that Mr. Contreras used a motor vehicle in the commission of a felony.

¶21 We affirm the conviction and the sentence.

KULIK, C.J., and KORSMO, J., concur.

Review denied at 172 Wn.2d 1026 (2011).