IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67919-8-I | |
| | ) | | |
| Respondent, | ) | DIVISION ONE | |
| | ) | | |
| v. | ) | | |
| | ) | UNPUBLISHED OPINION | |
| DONALD LOREN GRABNER, | ) | | |
| | ) | | |
| Appellant. | ) | FILED: March 11, 2013 | |

SCHINDLER, J. — A jury convicted Donald Loren Grabner of possession of a

stolen vehicle. Grabner challenges the court's determination that his driver's license

must be revoked for one year under RCW 46.20.285(4). We affirm.

At about 4:20 p.m. on June 22, 2011, Tyler Thirloway parked his 1995 Subaru

Legacy outside a pub in Seattle. When Thirloway returned about 45 minutes later, his

car was gone.

At approximately 3:00 a.m. on July 2, Lynwood Police Sergeant Jason Valentine

followed the driver of a Subaru Legacy. When Sergeant Valentine entered the license

plate number in the computer, he discovered the car was stolen.

Sergeant Valentine stopped the car and detained the driver, Donald Loren

Grabner. Grabner told Sergeant Valentine he did not know the car was stolen. Grabner

said that the car belonged to " 'someone named Jeff.' " After Sergeant Valentine tried to

call the number Grabner gave him to verify the car belonged to "Jeff," Grabner said he might have gotten the car from "John." Sergeant Valentine testified that the car key used to start the car had been "shaved." Sergeant Valentine testified that a shaved key can be used to start a stolen car.

The State charged Grabner with possession of a stolen vehicle in violation of RCW 9A.56.068. At trial, Sergeant Valentine and Thirloway testified on behalf of the State. Grabner testified that he borrowed the car from someone named "John" and did not know the car was stolen. Grabner admitted that he did not know John's last name or address.

The jury convicted Grabner of possession of a stolen vehicle. At sentencing, the court found that because Grabner "used a motor vehicle" to commit the crime of possession of a stolen vehicle, under RCW 46.20.285, his license must be revoked for a year.

Grabner contends the one-year revocation should be vacated because the court erred in finding that he used a motor vehicle to commit the crime of possession of a stolen vehicle.

RCW 46.20.285 requires the Department of Licensing to revoke the driver's license of any driver who commits a felony "of which a motor vehicle is used."[1] RCW 46.20.285(4). The statute does not define the term "use." In State v. Batten, 95 Wn. App. 127, 974 P.2d 879 (1999), aff'd, 140 Wn.2d 362, 997 P.2d 350 (2000), we relied on the plain and ordinary meaning of the word "use" in determining that under RCW

---

[1] Possession of a stolen motor vehicle is a class B felony. RCW 9A.56.068(2). RCW 9A.56.140(1) defines "possessing stolen property" as "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto."

46.20.285(4), a vehicle must have been employed in accomplishing the crime. Batten, 95 Wn. App. at 129-30. The test is whether the felony conviction has some reasonable relationship to the operation of a motor vehicle, or whether use of a motor vehicle contributed in some reasonable degree to the commission of the crime. State v. B.E.K., 141 Wn. App. 742, 746, 172 P.3d 365 (2007) (citing Batten, 140 Wn.2d at 365). RCW 46.20.285(4) applies even where the vehicle is both the object and the instrumentality of the offense. State v. Dykstra, 127 Wn. App. 1, 12, 110 P.3d 758 (2005). We review the application of a statute to a specific set of facts de novo. State v. Dupuis, 168 Wn. App. 672, 674, 278 P.3d 683 (2012).

In Dupuis, we explained that "[a]lthough it is possible to take a car without using it (as when, for example, a tow truck is employed)," where the car is used "to accomplish the crime of taking or riding in a motor vehicle without the owner's permission," such facts describe conduct within the ambit of RCW 46.20.285(4). Dupuis, 168 Wn. App. at 677. Likewise, in State v. Contreras, 162 Wn. App. 540, 254 P.3d 214 (2011), we held that a defendant "used" a stolen car to commit the crime of possession of a stolen vehicle when he drove the vehicle to the state patrol office and attempted to relicense it. Contreras, 162 Wn. App. at 547.

Contreras and Dupuis control the disposition of this case. Here, as in Contreras and Dupuis, the crime has "some reasonable relation to the operation of a motor vehicle." B.E.K., 141 Wn. App. at 746. The Subaru Legacy was both the object and the instrument of the crime of possession of a stolen vehicle. Grabner "used" the vehicle by driving it. Grabner's use of the car contributed in some reasonable degree to the commission of the felony of possession of a stolen vehicle. See Dykstra, 127 Wn.

App. at 5, 12 (concluding members of auto theft ring "took possession of the stolen cars by driving them away from the scene"). The court correctly ruled that RCW 46.20.285(4) applied.[2]

<u>Statement of Additional Grounds</u>

In a statement of additional grounds, Grabner argues his counsel provided ineffective assistance by failing to subpoena a witness. However, below, Grabner admitted that although he provided phone numbers to his attorney, "I don't think Snohomish County can find [the witnesses]."

Grabner also refers to matters outside the record to argue the trial court violated his speedy trial rights. Because this argument is not supported by credible evidence in the record, we cannot review it. <u>See</u> RAP 10.10(c) (an appellate court will not consider an argument made in a statement of additional grounds for review if it does not inform the court of the nature and occurrence of the alleged errors).

Affirmed.

WE CONCUR:

---

[2] Grabner's reliance on <u>State v. Wayne</u>, 134 Wn. App. 873, 142 P.3d 1125 (2006), is misplaced. In <u>Wayne</u>, the court held RCW 46.20.285(4) did not apply to a felony conviction for possession of cocaine where the police found the cocaine in the driver's pocket because "use of the car is merely incidental if possession is with the person rather than the car." <u>Wayne</u>, 134 Wn. App. at 874-75.