IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79101-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KYLE PHILLIP CRUMPTON, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 21, 2020 |
| | ) | |

PER CURIAM — Following Kyle Crumpton's guilty plea to second degree robbery, the Department of Licensing revoked his driver's license based on the trial court's determination that he used a motor vehicle in the commission of the crime and therefore violated RCW 46.20.285(4) (authorizing revocation for "[a]ny felony in the commission of which a motor vehicle is used[.]"). Crumpton appeals, arguing that while he did drive the getaway car, his use of the car was only incidental to the robbery and therefore insufficient to support the revocation of his license. We affirm.

FACTS

On May 1, 2018, Timothy Vaivaimuli stole two boxes of shoes worth $140 from a Fred Meyer store and assaulted a Loss Prevention Officer as he fled. A

surveillance video from the store showed a getaway vehicle conspicuously parked right outside the store, initially blocking traffic, and then moving into a handicapped parking stall before taking the robbery suspect away from the scene.

During an interview with detectives, Crumpton admitted that he and Vaivaimuli planned the theft and that his role was to drive the getaway vehicle. Crumpton ultimately pleaded guilty to second degree robbery, a Class B Felony. His signed plea agreement states, "I understand that RCW 46.20.285(4) requires that my driver's license be revoked if the judge finds I used a motor vehicle in the commission of this felony."

At sentencing, Crumpton's counsel argued against revoking Crumpton's driver's license, stating: "[T]he robbery had been committed by the point that this car was used" and "the car was not used for the commission of the crime. . . ." Counsel argued that "[t]he fact that Mr. Crumpton drove there and drove away does make him an accomplice, but I think those two things are separate . . . from the question of the license revocation." Counsel asked the court to find that Crumpton's vehicle was not used in the commission of second degree robbery.

The court ruled that Crumpton's use of "the vehicle was directly related to the crime" and was "consistent with what's contemplated for the defendant using the automobile in the commission of the crime" under RCW 46.20.285(4). Crumpton appeals.

2

DECISION

Crumpton contends the court erred in concluding that he used a motor vehicle in the commission of a felony in violation of RCW 46.20.285 (4). We review the application of a statute to specific facts de novo. State v. Hearn, 131 Wn. App. 601, 609, 128 P.3d 139 (2006).

RCW 46.20.285(4) provides that the Department of Licensing "shall revoke the license of any driver . . . upon receiving a record of the driver's conviction" for "[a]ny felony in the commission of which a motor vehicle is used." Although, RCW 46.20.285(4) does not define the term "use," the court in State v. Batten, 95 Wn. App. 127, 129-30, 974 P.2d 879 (1999) concluded that the plain and ordinary meaning of the word requires that the vehicle was "employed in accomplishing" the crime. Hearn, 131 Wn.App. at 609-10. A vehicle has been "used" in a felony if the vehicle contributed in some reasonable degree to the commission of the felony. State v. B.E.K., 141 Wn. App. 742, 746, 172 P.3d 365 (2007); Hearn, 131 Wn.App. at 610. RCW 46.20.285(4) does not require revocation "when the vehicle was incidental to the commission of the crime." State v. Alcantar-Maldonado, 184 Wn. App. 215, 228, 340 P.3d 859 (2014).

Citing Alcantar-Maldonado, Crumpton contends his use of the vehicle was incidental to the robbery because he and Vaivaimuli could have bussed, biked, or walked away from the crime scene. In Alcantar-Maldonado, the defendant drove his car to his estranged wife's residence, assaulted her boyfriend, and drove away. The sentencing court instructed the Department of Licensing to revoke Alcantar-Maldonado's driver's license under RCW 46.20.285(4). But Division

3

Three of this court reversed, stating that Alcantar-Maldonado's "use of the car could be characterized as fortuitous or gratuitous in that Alcantar-Maldonado could have ridden a bike or bus to his estranged wife's home. The commission of the felony did not entail operation of a motor vehicle." Alcantar-Maldonado, 184 Wn. App. at 229. The court determined there must be "a more direct connection between the use of the vehicle and the crime" than use of the vehicle as transportation to and from the crime. Alcantar-Maldonado, 184 Wn. App. at 229.

Unlike Alcantar-Maldonado, which involved an assault, the present case involved a continuing offense – robbery -- that lasts beyond the initial taking and includes subsequent acts done to retain stolen property or impede the rightful owner's efforts to retrieve it. State v. Phillips, 9 Wn. App. 368, 376, 444 P.3d 51 (2019). "The taking is ongoing until the assailant has effected an escape[.]" State v. Truong, 168 Wn. App. 529, 535–36, 277 P.3d 74 (2012). Significantly, Crumpton's use of the vehicle was an integral part of the robbery *plan*. In that regard, video surveillance showed him positioning the car for an easy getaway in case, as ended up happening, Vaivaimuli was pursued by store employees or security. The car also provided an enclosed place for Vaivaimuli to quickly conceal the shoe boxes from the eyes of security guards, store employees, or police immediately after leaving the store. See State v. Batten, 140 Wn.2d 362, 366, 997 P.2d 350 (2000) (fact that car provided place to store and conceal unlawfully possessed weapon was sufficient use of vehicle under statute). Contrary to Crumpton's assertions, his operation of the getaway vehicle was not

4

incidental to the robbery; rather, the vehicle was premeditatedly employed in, and contributed "in some reasonable degree" to, the commission of the robbery. The sentencing court correctly applied RCW 46.20.285(4).

Affirmed.

FOR THE COURT:

_Chun, J_

_Mann, ACJ_

_Appelwick CJ_