IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36979-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD ANTHONY VEDDER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J.P.T.[1] — Richard Vedder appeals his conviction for forgery. He

contends that the prosecutor committed reversible misconduct, that his attorney was

ineffective, and that there was insufficient evidence to prove all of the essential elements

of forgery. We affirm.

FACTS

The relevant facts can be briefly summarized. Mr. Vedder attempted to cash a

forged check for $673.54 at a Money Tree in Kennewick. It was rejected by the clerk,

who noticed several irregularities and called the police after Mr. Vedder rushed out of the

building. The check was nominally from the Franklin County Prisoners' Fund. Mr.

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

Vedder had previously received a valid check from the Prisoners' Fund for $.41 years earlier. That check was never cashed and was entered into evidence. Mr. Vedder testified in his own defense that he received the false check in the mail in a large envelope. No envelope was offered into evidence.

During closing arguments, the prosecutor stated that "reasonable doubt is a doubt for which a reason exists. And I know that is sort of circular, but it's something that there has to actually be a reasonable thing." The prosecutor also contrasted the defendant's ability to produce a $.41 check from years earlier with his inability to produce the large envelope in which the defendant testified the false check was mailed. The defense did not object to these arguments.

The jury found the defendant guilty of forgery. Mr. Vedder appealed to this court. A panel considered his case without hearing oral argument.

## ANALYSIS

The defendant argues the prosecutor used an improper "fill-in-the-blank" argument in closing argument, that his attorney at trial was ineffective for not objecting to that argument, and that there was not sufficient evidence to prove the knowledge element of forgery. We address the latter argument first, and then consider the remaining challenges as one.

*Sufficiency of the Evidence*

Sufficient evidence supports the defendant's conviction. When evaluating whether sufficient evidence supports a conviction, the reviewing court reviews the evidence in the light most favorable to the state. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). The court admits the truth of the State and against the defendant. *Id*. at 106. Appellate courts defer to the trier of facts on issues of conflicting testimony, witness credibility, and the persuasiveness of evidence. *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004). The court then asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

A person is guilty of forgery only if he knows the written instrument is forged. RCW 9A.60.020(1)(b). In a criminal case, "possession alone is not sufficient to prove guilty knowledge," though "possession together with slight corroborating evidence of knowledge may be sufficient." *State v. Scoby*, 117 Wn.2d 55, 61, 810 P.2d 1358 (1991). Such corroborating evidence has included "the giving of a false explanation or one that is improbable or is difficult to verify." *State v. Ladely*, 82 Wn.2d 172, 175, 509 P.2d 658 (1973).

In this case, Mr. Vedder testified that he received the check in the mail—but also that he was familiar with the payor, had received a valid check from them before, and that he was not expecting any further checks from them. The bank teller testified that Vedder

3

became agitated when she began more thoroughly investigating the check, and that there were several red flags that would have caused an untrained eye to question the check's authenticity—including the lack of endorsement and the misspelled name of the payee. Drawing all inferences in favor of the State, there is sufficient evidence for a rational juror to find that the defendant knew the check was forged.

*Prosecutorial Misconduct*

The prosecutor did not commit misconduct. With a timely objection, reversible misconduct occurs when the defendant shows the prosecutor's behavior was (1) improper and (2) prejudicial in the context of the entire trial. *State v. Walker*, 182 Wn.2d 463, 477, 341 P.3d 976 (2015). When there was no objection at trial, the bar for reversal is raised to misconduct which is "so flagrant and ill-intentioned that an instruction would not have cured the prejudice. *Id.* at 477-478 (quoting *In re Pers. Restraint of Glassman*, 175 Wn.2d 696, 704, 286 P.3d 673 (2012)).

Conduct that clears this higher bar results in enduring prejudice that cannot be fixed by an instruction. *State v. Russell*, 125 Wn.2d 24, 86, 882 P.2d 747 (1994). It engenders such great prejudice in the minds of the jury, that a fair trial is impossible. *Slattery v. City of Seattle*, 169 Wash. 144, 148, 13 P.2d 464 (1932). Historically, this type of prejudice has involved exploiting racial stereotypes and manipulated imagery in closing presentations. *E.g.*, *Walker*, 182 Wn.2d at 468; *State v. Monday*, 171 Wn.2d 667, 257 P.3d 551 (2011).

4

"Fill-in-the-blank" arguments are improper. *State v. Emery*, 174 Wn.2d 741, 759, 278 P.3d 653 (2012). In *Emery*, the prosecutor explicitly stated in closing, "you'd [the jury] have to say . . . I doubt the defendant is guilty, and my reason is blank. . . . If you think that you have a doubt, you must fill in that blank." *Id.* at 750-751. This type of argument subtly shifts the burden of proof, and also implies the jury must do something to find a defendant not guilty. *Id.* at 758-760. While improper, a fill-in-the-blank argument on its own—even one as explicit as in *Emery*—does not rise to the level of flagrant and ill-intentioned. *Id.* at 762. The *Emery* court held that the combination of an explicit fill-in-the-blank argument and an exhortation to the jury to "speak the truth" were both improper, but even together did not amount to flagrant and ill-intentioned misconduct. *Id.* at 760-764. In other fill-in-the-blank cases, it has been a combination of several improper statements or cumulative error that ultimately resulted in reversal. *E.g.*, *State v. Venegas*, 155 Wn. App. 507, 228 P.3d 813 (2010); *State v. Johnson*, 158 Wn. App. 677, 243 P.3d 936 (2010).

This court has declined to find a fill-in-the-blank argument in the text of jury instructions which describe reasonable doubt as "a doubt for which a reason exists." *See State v. Kalebaugh*, 179 Wn. App. 414, 424-425, 318 P.3d 288 (2014); *State v. Hood*, 196 Wn. App. 127, 131, 382 P.3d 710 (2016). The Supreme Court also endorsed this as a proper description of reasonable doubt. *Emery*, 174 Wn.2d at 759.

5

In this case, the alleged fill-in-the-blank argument is not explicit and does not shift the burden of proof to the defendant.  The prosecution did not call on the jury to fill in a blank, but rather restated the jury instruction's explanation that "a reasonable doubt is one for which a reason exists."  11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 93 (4th ed. 2016).  At a glance, the prosecutor's statement that "there has to actually be a reasonable thing" resembles part of an improper argument from *Anderson* that reasonable doubt is "something real, with a reason to it." There the improper statement immediately followed an explicit call for the jury to "fill in the blank."  *State v. Anderson*, 153 Wn. App. 417, 424, 220 P.3d 1273 (2009).  The insidious shift that occurs when the prosecutor says the jury must *do something* to find a defendant not guilty—like fill in a blank—is absent here.

It is also improper for the prosecution to comment on a defendant's lack of evidence.  *State v. Sundberg*, 185 Wn.2d 147, 153, 370 P.3d 1 (2016).  However, in some situations when the defendant testified, the prosecution can comment on the defendant's lack of evidence to corroborate his theory of the case.  *Id* at 156.  This does not improperly shift the burden of proof because "evidence supporting a defendant's theory of the case is subject to the same searching examination as the State's evidence."  *State v. Vassar*, 188 Wn. App. 251, 260, 352 P.3d 856 (2015).  In *Vassar*, a defendant charged with theft of a motor vehicle claimed the owner forged a bill of sale transferring

ownership from the defendant to the owner. *Id.* at 251. It was not improper for the State to comment that no evidence showed the bill of sale was forged. *Id.* at 256.

The prosecution's attacks on the defendant's testimony in this case were not improper. The prosecutor was entitled to point out that a large envelope was not produced and that the defendant's father who allegedly found the envelope in the mail did not testify. This was similar to the prosecutor's comment on a lack of evidence showing a bill of sale was forged in *Vassar*.

The prosecutor's closing arguments were not improper, and certainly do not amount to the sort of flagrant and ill-intentioned misconduct which requires reversal absent an objection below. That conclusion also dooms Mr. Vedder's derivative argument that he was denied the effective assistance of counsel.

A successful claim of ineffective assistance of counsel requires a showing (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The defendant must show that counsel performed below an objective standard of reasonableness under "prevailing professional norms," and "considering all the circumstances." *Id.* Courts are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. It is the defendant's burden to show there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 669.

No. 36979-0-III
*State v. Vedder*

During closing argument, a prosecutor has "wide latitude in closing argument to draw reasonable inferences from the evidence and to express such inferences to the jury." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 716, 101 P.3d 1 (2004).

As discussed above, in this case the prosecutor's statements during closing arguments were not improper. There was no fill-in-the-blank argument, and the prosecutor's comment on the lack of evidence to corroborate the defendant's testimony about receiving the check in the mail was proper. Because a defendant cannot be prejudiced by proper argument, counsel was not ineffective for failing to object.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.P.T.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.

8