IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 79196-6-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| BRADLEY MICHAEL MARTIN, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — Bradley Martin pleaded guilty to one count of possession of a controlled substance and one count of unlawful possession of a firearm. He appeals his Judgment and Sentence, claiming (1) his attorney performed ineffectively by not arguing for a lower offender score, (2) the trial court erred by failing to give him credit for time served for the time between the court releasing him and sentencing him, (3) we should amend his Judgment and Sentence to strike the provision imposing interest and to add a statement protecting his social security disability benefits, and (4) the court erred by finding he used a motor vehicle in the commission of the crimes.

We previously rejected Martin's ineffective assistance of counsel claim in State v. Martin, No. 77908-7-I (Wash. Ct. App. Dec. 16, 2019) (unpublished) http://www.courts.wa.gov/opinions/pdf/779087.pdf. Martin raises the same arguments now. We agree with the analysis in our previous decision and again reject his ineffective assistance claim. We also reject Martin's request for credit

Citations and pin cites are based on the Westlaw online version of the cited material.

for time served because he was confined for another conviction during the time period at issue, and determine the court did not err by finding he used a motor vehicle in the commission of unlawful possession of a firearm because he stored the weapon in the trunk. But because the police found the heroin on Martin's person, the court erred by finding he used a vehicle in the commission of possession of a controlled substance. Accordingly, we affirm in part and reverse in part. Additionally, we remand for the trial court to amend the Judgment and Sentence to strike the statement regarding interest and to add a provision indicating that any funds subject to the Social Security Act's antiattachment statute[1] may not be used to satisfy his legal financial obligations.

## I. BACKGROUND

Marysville police stopped Martin on March 11, 2017 because his vehicle displayed expired registration. Because Martin's license was suspended, the police arrested him. A search incident to arrest yielded heroin on Martin's person. Later, after obtaining a search warrant, the police discovered a firearm in the trunk.

On August 30, 2017, Martin pleaded guilty to one count of possession of a controlled substance and one count of unlawful possession of a firearm in the second degree. As part of the plea, Martin agreed with the State's understanding of his criminal history, which included a 1974 California conviction for robbery, a 1999 federal conviction for possession of cocaine, and a 1999 federal conviction for felon in possession of a firearm.

---

[1] 42 U.S.C. § 407(a).

Through new counsel, Martin moved to withdraw his plea on January 26, 2018. Martin claimed that the court should permit him to withdraw his plea agreement under CrR 4.2(f)[2] to correct a manifest injustice. Martin argued that his attorney had failed to review his plea agreement with him, including his criminal history and offender score. The court denied Martin's motion, determining that he made his plea knowingly, voluntarily, and intelligently.

On May 15, 2018, the State moved to release Martin on his personal recognizance prior to his sentencing. But because on December 7, 2017 the court had sentenced Martin to 63 months of confinement in a separate case, releasing him would place him in the custody of the Department of Corrections, as opposed to releasing him to the community. The State explained that it sought to arrange for Martin's release because, as he was in the hospital, "the expense associated with a lengthy hospital stay [was] unduly burdensome to Snohomish County Corrections." Martin's attorney "[was] in agreement with the State's motion." The court ordered Martin's release.

On October 12, 2018, the court sentenced Martin to 12 months and one day of confinement and 12 months of community custody on count one (heroin

---

[2] CrR 4.2(f) provides:

**(f) Withdrawal of Plea.** The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court determines under RCW 9.94A.431 that the agreement is not consistent with (1) the interests of justice or (2) the prosecuting standards set forth in RCW 9.94A.401-.411, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered. If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8.

possession) and 51 months of confinement on count two (firearm possession) to run concurrently. The court further imposed a $500 victim penalty assessment and interest from the date of assessment until payment in full. The court did not provide for Martin to receive credit for the time between when it released him and when it sentenced him. Finally, because the court determined that Martin used a motor vehicle in the commission of both offenses, RCW 46.20.285 required revocation of his driver's license.

Martin appeals.

## II. ANALYSIS

### A. Offender Score

Martin asserts that his trial counsel performed ineffectively by failing to argue that the calculation of his offender score should not have included the three non-Washington convictions. Because we agree with the reasoning in our previous opinion resolving this issue, we determine that Martin's trial counsel did not perform ineffectively.

In a separate case, State v. Martin, No. 77908-7-I, slip op. at 12-17, (Wash. Ct. App. Dec. 16, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/779087.pdf, this court rejected Martin's argument that his trial counsel performed ineffectively by failing to argue that his 1974 California conviction for robbery, 1999 federal conviction for possession of cocaine, and 1999 federal conviction for felon in possession of a firearm should not be considered in calculating his offender score because the convictions were not

comparable to Washington felonies. Because Martin makes the same arguments in this case and we agree with the analysis contained in our previous opinion, we again conclude that his trial counsel did not perform ineffectively by not challenging the inclusion of the non-Washington convictions in his offender score.

B. Credit for Time Served

Martin claims the court erred by not giving him credit for time served for the time between May 15, 2018—the date the court ordered his release—and October 12, 2018—the date the court sentenced him. The State contends Martin is not entitled to credit for time served for this time period because he was serving time for another conviction. We agree with the State.

Martin asserts he has a constitutional and statutory right to receive credit for the time served between May 15, 2018 and October 12, 2018. We review de novo both constitutional and statutory interpretation issues. State v. Ramos, 187 Wn.2d 420, 433, 387 P.3d 650 (2017) ("Constitutional interpretation is a question of law reviewed de novo."); NW. Cascade, Inc. v. Unique Constr., Inc., 187 Wn. App. 685, 697-98, 351 P.3d 172 (2015) (noting that courts review de novo issues of statutory interpretation).

Under RCW 9.94A.505(6), "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." If a defendant is confined pursuant to a sentence, as opposed to because of an

inability to make bail, however, then they are not constitutionally entitled to credit for time served in a separate matter after they began serving the sentence. State v. Lewis, 184 Wn.2d 201, 205, 355 P.3d 1148 (2015).

Because the court sentenced Martin on another case on December 7, 2017, and he began serving that sentence that same day, he was not constitutionally entitled, in this case, to credit for time served for the time after his December 7, 2017 sentence. Additionally, because any confinement after December 7, 2017 would not have solely related to his offenses in the current case, he was not statutorily entitled to credit for any confinement after that date. The trial court did not err by declining to provide for credit for time served for the period between May 15, 2018 and October 12, 2018.[3]

C. Amendments to Judgment and Sentence

Martin argues that we should remand for the trial court to amend his Judgment and Sentence to strike the interest imposed on his legal financial obligations and to denote that legal financial obligations cannot be collected from protected funds. The State agrees that these amendments to the Judgment and Sentence are proper. We agree as well.

---

[3] Martin alternatively argues that his counsel was ineffective by agreeing to his release if doing so would deprive him of receiving credit for time served. But this claim fails because, as Martin was not entitled to receive credit for that time, his attorney agreeing to his release did not prejudice him. Martin further asserts in his Reply Brief that, if we determine Martin was not entitled to credit for time served after his December 7, 2017 sentence, that "[his] attorney was ineffective for permitting him to be sentenced on the first case before this case." But we do not consider arguments raised for the first time in a reply because it deprives the opposing side of a fair opportunity to respond. State v. Peerson, 62 Wn. App. 755, 778, 816 P.2d 43 (1991).

First, as to interest, the legislature amended RCW 10.82.090 to eliminate interest on non-restitution legal financial obligations. See LAWS OF 2018, ch. 269, § 1. Because the amendment took effect on June 7, 2018, several months before the court sentenced Martin, it applies to his Judgment and Sentence. See LAWS OF 2018, ch. 269, §§ 1-2. As the trial court did not impose any restitution as part of Martin's sentence, we strike the statement in the Judgment and Sentencing that reads "the financial obligations imposed in this judgment shall bear interest from the date of judgment until payment in full."

Second, as to the protected funds, the federal Social Security Act protects social security funds from being used to satisfy even mandatory funds, including a victim penalty assessment. State v. Catling, 193 Wn.2d 252, 264, 438 P.3d 1174 (2019) (citing 42 U.S.C. § 407(a)). Martin receives social security disability benefits. As such, it is proper to include a provision in his amended Judgment and Sentence indicating that any funds subject to the Social Security Act's antiattachment statute may not be used to satisfy his legal financial obligations. Catling, 193 Wn.2d at 266.

D. Motor Vehicle Finding

Martin argues the trial court erred by finding that he used a motor vehicle in the commission of his offenses pursuant to RCW 46.20.285. The State asserts the trial court properly determined that Martin used a vehicle in commission of unlawful possession of a firearm. We determine that while the court properly determined that Martin used a vehicle in the commission of

7

possession of a firearm, it erred when it made that finding in regards to his possession of a controlled substance.

We review de novo the trial court's application of RCW 46.20.285. State v. Wayne, 134 Wn. App. 873, 875, 142 P.3d 1125 (2006).

RCW 46.20.285 requires the Department of Licensing to revoke a person's license for one year if they are convicted of any felony in which a motor vehicle is used. The statute applies if the defendant employed the vehicle to accomplish the crime. State v. Hearn, 131 Wn. App. 601, 610, 128 P.3d 139 (2006). For possession crimes, courts "have found a sufficient nexus to invoke the statute where the defendant used a vehicle as a repository to store contraband." State v. B.E.K., 141 Wn. App. 742, 746-47, 172 P.3d 365 (2007); see also State v. Batten, 140 Wn.2d 362, 366, 997 P.2d 350 (2000) ("Employing a vehicle as a place to store and conceal the weapon, in our judgment, creates a sufficient relationship between the use of the vehicle and the crime of unlawful possession of the weapon to bring the possession of the weapon within the reach of the statute.").

Here, the police located the firearm in the trunk of Martin's car. Because Martin thus used the vehicle as a place to store the weapon, the trial court properly determined that the statute applied. Though Martin attempts to distinguish our Supreme Court's decision in Batten by arguing that no evidence suggests how long or why the firearm was in the vehicle, nothing in Batten indicates that its holding was dependent on such facts. Instead, under Batten,

8

keeping the firearm in the trunk of the vehicle suffices for the statute to apply. 140 Wn.2d at 366. The trial court did not err by finding Martin used a motor vehicle in commission of unlawful possession of a firearm.

Martin additionally argues that the trial court erred by determining that he used a motor vehicle in commission of possession of a controlled substance (count one). Though the State asserts the court did not make such a finding, Martin's Judgment and Sentence shows the court found he used a vehicle in commission of both counts one and two.

"The use of the car is merely incidental if possession is with the person rather than the car." Wayne, 134 Wn. App. at 875 (citing Hearn, 131 Wn. App. at 610-11). Because the police discovered the heroin on Martin's person, the court erred by determining that he used a vehicle in commission of count one.

We affirm in part, reverse in part, and remand for the trial court to amend Martin's Judgment and Sentence consistent with this opinion.

_____
Chun, J.

WE CONCUR:

_____          _____
Andrus, A.C.J.                    Appelwick, J.

9